| | |
|---|---|
| PREFERRED REAL ESTATE INVESTMENTS, INC.<br>1001 E. Hector Street, Suite 100<br>Conshohocken, PA 19428<br><br>RIVERTOWN DEVELOPERS, LP<br>1001 E. Hector Street, Suite 100<br>Conshohocken, PA 19428<br><br>PREFERRED ASSET MANAGEMENT, LLC<br>1001 E. Hector Street, Suite 100<br>Conshohocken, PA 19428<br><br>     Plaintiffs,<br><br> v.<br><br>MT. HAWLEY INSURANCE COMPANY,<br>9025 North Lindbergh Drive<br>Peoria, IL 61615<br>     Defendant. | CIVIL ACTION<br>NO. 06-1353<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, Preferred Real Estate Investments, Inc. ("PREI"), Rivertown Developers, LP ("Rivertown"), Preferred Asset Management, LLC ("Preferred Asset Management") and all related entities named in an action for personal injury pending in Philadelphia Court of Common Pleas captioned <u>McCormick, et al. v. Preferred Real Estate Investments, Inc., et al.</u>, No. 633, November Term, 2004 (the "Personal Injury Action") (collectively the "PREI Entities"), by and through their attorneys, Duane Morris LLP, file this Complaint against Defendant, Mt. Hawley Insurance Company ("Mt. Hawley"), for declaratory relief and pray that this Honorable Court declare that Mt. Hawley must defend and indemnify the PREI Entities in the Personal Injury Action pursuant to the terms of the Commercial General Liability Policy Mt. Hawley issued

PREI (the "Policy") and for damages for breach of contract and bad faith. A copy of the Policy is attached as Exhibit "A." In support thereof, the PREI Entities aver as follows:

## PARTIES

1. Plaintiffs PREI, a Business Corporation, Rivertown, a Limited Partnership, Preferred Asset Management, a Limited Liability Company, and all related entities named in the Personal Injury Action are organized and exist under the laws of the Commonwealth of Pennsylvania with their principal place of business at 1001 East Hector Street, Suite 100, Conshohocken, Pennsylvania. The PREI Entities are in the business of developing commercial real estate.

2. Upon information and belief, Defendant Mt. Hawley is a corporation organized and existing under the laws of the State of Illinois with its principal place of business at 9025 North Lindbergh Drive, Peoria, IL 61615.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4. This Court has the authority to declare the rights and obligations of the parties under the Policy pursuant to 28 U.S.C. § 2201.

5. This Court has personal jurisdiction over Defendant by virtue of its, among other things: (a) marketing and selling goods and services in the Commonwealth of Pennsylvania, including issuing the Policy, including within this judicial district; (b) doing business in the Commonwealth of Pennsylvania through agents and representatives, including within this judicial district; (c) committing acts inside and outside of Pennsylvania that have an effect within

this state, including within this judicial district; and/or (d) otherwise having substantial contact with the Commonwealth of Pennsylvania.

6. Venue is proper under 28 U.S.C. § 1391(a) and (c).

## FACTS AND BACKGROUND

A. **The Policy**

7. Mt. Hawley issued Commercial General Liability Policy No. MGL0130945, to PREI for the policy period covering January 1, 2003 through September 30, 2003.

8. At all times relevant to the Complaint, the Policy was in full force and effect and the Insureds paid the required premium to Mt. Hawley. See Ex. "A".

9. In pertinent part, the Policy provides the following insuring agreement:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    1. Insuring Agreement

        a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . .

See Ex. "A."

10. Endorsement No. CG 21 44 0498 states that the insurance coverage, for the Policy applies to "Designated Premises <u>or</u> Project[s]" (the "Subject Endorsement"). See Ex. "A" at Endorsement No. CG21440798. (emphasis added)

11. Specifically, the Subject Endorsement states in relevant part:

Schedule

Premises:

See Schedule of Locations

Project:

None covered

(If no entry appears, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury," "property damage," "personal and advertising injury" and medical expenses arising out of:

1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; **or**

2. The project shown in the Schedule.

(emphasis added).

12. Endorsement CGL340 is the schedule of named insureds and loss locations (the "Schedule of Locations") which includes No. 29, Rivertown Developers LP at "8 Highland a/k/a One Seaport Drive Chester, PA" (the "Subject Location"). See Exhibit. "A" Endorsement CGL3400299 p 3.

13. 8 Highland a/k/a One Seaport Drive, Chester, PA, the Subject Location, is also known by the address 2501 Seaport Drive. The Affidavit of Kate Peca is attached as Exhibit "B."

14. The Wharf at Rivertown is a building located on the Subject Location.

15. PREI has paid $291,398 in insurance premiums for the Subject Policy.

16. The Policy has an aggregate limit of $2,000,000 and a per occurrence limit of $1,000,000.

B. **The Personal Injury Litigation**

17. At all times relevant to this Complaint, the Subject Location was Owned and operated by the PREI Entities as scheduled on the Schedule of Locations.

18. Renovations, which were necessary or incidental to the use of the property, were being performed to the Wharf at Rivertown during the summer of 2003.

19. On July 28, 2003, a date within the policy period, Gerard McCormick ("McCormick"), the plaintiff in the Personal Injury Litigation, allegedly fell down a staircase at the Wharf at Rivertown allegedly while performing duties in the course of his employment as an iron worker for E&R Erectors, which was hired to perform iron work at the Wharf at Rivertown in connection with its renovation.

20. McCormick alleges that he sustained the fall as the result of a faulty temporary lighting fixture at the Subject Location. As such, he and his wife filed the Personal Injury Litigation on November 3, 2004, alleging negligence, negligent infliction of emotional distress and loss of consortium against, among others, the PREI Entities.

21. On November 24, 2004, Mt. Hawley agreed to defend the PREI Entities in the Personal Injury Litigation pursuant to a reservation of rights.

22. On November 30, 2004, Marc Zingarini, Esquire of Weber Gallagher Simpson Stapleton Fires & Newby, LLP, ("Weber Gallagher") was retained by Mt. Hawley and entered his appearance as counsel on behalf of the PREI Entities in the Personal Injury Litigation.

23. The PREI Entities filed an Answer to the Complaint on December 26, 2004 and filed a joinder complaint against several entities on January 10, 2005.

### C. Mt. Hawley's Denial of Defense and Coverage

24. By letter of March 16, 2005, from Mt. Hawley to PREI, Mt. Hawley advised that it was "denying defense and indemnity" and withdrawing its defense of the PREI Entities in the Personal Injury Litigation. The March 16, 2005 letter is attached as Exhibit "C."

25. Mt. Hawley, by copy of the March 16, 2005, instructed Weber Gallagher to withdraw its defense unless PREI made arrangements for continued representation at PREI's cost. See Ex. "C."

26. Upon information and belief, PREI's former insurance broker Clair Odell Group ("Clair Odell") wrote a letter to Mt. Hawley, disputing Mt. Hawley's denial of coverage and withdrawal of its defense of the PREI Entities.[1] As a result, Mt. Hawley wrote a letter to Clair Odell, on March 17, 2005, reaffirming its denial of coverage and withdrawal of defense for the PREI Entities. The March 17, 2005 letter from Mt. Hawley is attached as Exhibit "D."

27. Upon information and belief, on May 4, 2005, the law firm of Post & Schell, counsel to PREI's former insurance broker Clair Odell Group wrote a letter to Mr. Hawley disputing the denial of coverage.[2]

28. Notwithstanding the fact that Mt. Hawley continued to maintain that it was denying coverage, and had instructed Weber Gallagher to withdraw its defense of the PREI Entities, unless PREI agreed to pay for the representation itself, Weber Gallagher continued to represent the PREI Entities in the Personal Injury Action. Weber Gallagher even filed an

---

[1] The PREI Entities are not in possession of a copy of the letter from Clair Odell to Mt. Hawley and as such have not attached it.

[2] The PREI Entities are not in possession of a signed copy of the letter from Post & Schell to Mt. Hawley and as such have not attached it.

Answer and Cross-Claim to the PREI Entities Amended Complaint in the Personal Injury Litigation on May 10, 2005.

29. Upon information and belief, the alleged basis for Mt. Hawley's denial of coverage is that: (a) the Wharf at Rivertown located at the Subject Location where the accident giving rise to the Personal Injury Litigation occurred is not a covered location listed on the Schedule of Locations ("Loss Location Denial"); and (b) because the Subject Endorsement lists projects covered as "none" PREI is not entitled to coverage for defense or indemnity for its potential liability in the Personal Injury Litigation because though the accident allegedly occurred at a covered loss location it allegedly occurred during a property renovation project ("No Project Denial"). See Exs. "C" and "D."

30. On September 26, 2005, PREI through its undersigned counsel sent a letter and accompanying affidavit to Mt. Hawley detailing the PREI Entities' position that they are entitled to be defended and indemnified by Mt. Hawley in the Personal Injury Litigation ("PREI Position Letter"). PREI's Position Letter is attached as Exhibit "E."

31. PREI's Position Letter detailed that the PREI Entities are entitled to both defense and indemnification by Mt. Hawley because: (a) Mt. Hawley has a duty to defend the PREI Entities pursuant to the Policy that is separate and broader than the duty to indemnify; (b) the Subject Location is listed as a covered location on the Schedule of Locations as location No. 29; and (c) although the Subject Endorsement lists no projects covered, the Subject Endorsement provides coverage for the Subject Location because the renovations were being conducted at the Wharf at Rivertown as part of its ownership, maintenance or use of the Subject Location and were necessary or incidental thereto, pursuant to Clause 1 of the Subject Endorsement. See Ex. "E."

32. PREI's Position Letter requested Mt. Hawley to: (1) reconsider its position regarding its refusal to defend and indemnify PREI in the Personal Injury Litigation; (2) provide coverage for damages arising out of the Personal Injury Litigation; and (3) respond to PREI's Position Letter by September 30, 2005. PREI informed Mt. Hawley that if it did not receive prompt response it would be forced to seek a declaration from a court of competent jurisdiction that PREI is entitled to both defense and indemnification from Mt. Hawley in the Personal Injury Litigation.

33. Mt. Hawley failed to respond to PREI's Position Letter by September 30, 2005, or at anytime thereafter for that matter.

34. On October 12, 2005, undersigned counsel left a detailed telephone message for Frank C. White, Jr., Director of Casualty Claims of Mt. Hawley, with whom counsel for the PREI Entities had been corresponding, requesting that he or another representative of Mt. Hawley respond in some manner, to PREI's Position Letter by Friday October 14, 2005, or PREI would assume that Mt. Hawley was unwilling to change its position regarding its coverage denial and that the PREI Entities would move forward and institute an action.

35. On January 13, 2006, Mt. Hawley delivered to PREI an invoice for PREI's deductible in the amount of $5,000.00. The deductible Statement is attached as Exhibit "F."

36. On January 16, 2006, PREI received a letter from Weber Gallagher stating that, while all fees incurred as a result of the PREI Entities' defense in the Personal Injury Action through September 30, 2005 were paid by Mt. Hawley, as of October 1, 2005, any and all legal expenses associated with the PREI Entities' defense would be due and owing to Weber Gallagher from PREI. A copy of the Weber Gallagher Letter is attached as Exhibit "G."

## COUNT I – DECLARATORY RELIEF

37. The PREI Entities incorporate by reference Paragraphs 1 through 36, above, and reassert them with the same force and effect, as though fully set forth herein.

38. An actual or present controversy exists between PREI and Mt. Hawley concerning its obligations under the Policy.

39. Pursuant to the Subject Policy, Mt. Hawley is obligated to defend and indemnify PREI in the Personal Injury Litigation.

40. PREI, by and through its counsel, has made repeated demands on Mt. Hawley to honor its obligations under the Policy.

41. Mt. Hawley has refused to provide a defense and coverage in the Personal Injury Litigation. As a result of its position that there is no coverage under the Policy for the Personal Injury Litigation, Mt. Hawley has breached and continues to breach its obligations under the Policy.

42. The PREI Entities have incurred damages, and will continue to suffer damages, as a result of Mt. Hawley's refusal to provide a defense and coverage to the PREI Entities as required under the Policy.

43. The PREI Entities desire a judicial determination that, inter alia: (a) Mt. Hawley is required to defend the PREI Entities in the Personal Injury Litigation; (b) The Wharf at Rivertown, located at 8 Highland a/k/a One Seaport Drive and is further known as 2501 Seaport Drive, is a covered loss location pursuant to the Schedule of Locations at Endorsement CGL340; (c) the PREI Entities are entitled to indemnification in the Personal Injury Litigation pursuant to the terms and conditions of the Policy Endorsement; and (d) the PREI Entities are entitled to reimbursement for actual and consequential damages, attorneys' fees and costs incurred to obtain the benefits under the Policy, as well as its costs of suit herein.

WHEREFORE, the PREI Entities respectfully seek a declaration from this Court that: (1) Mt. Hawley is required to defend the PREI Entities in the Personal Injury Litigation; (2) the Wharf at Rivertown, located at 8 Highland a/k/a One Seaport Drive and is further known as 2501 Seaport Drive, is a covered loss location pursuant to the Schedule of Locations at Endorsement CGL340; (3) the PREI Entities are entitled to indemnification in the Personal Injury Litigation pursuant to the terms and conditions of the subject policy; and (4) the PREI Entities are entitled to reimbursement of its actual and consequential damages, attorneys' fees and costs incurred to obtain the benefits under the Policy, as well as the costs of suit herein and such other and further relief that the Court deems just and appropriate.

## COUNT II – BREACH OF CONTRACT

44. The PREI Entities incorporate by reference Paragraphs 1 through 43, above, and reassert them with the same force and effect, as though fully set forth herein.

45. PREI and Mt. Hawley validly executed and entered into the Policy.

46. PREI has satisfied all of its required duties and obligations pursuant to the Policy.

47. As detailed in the preceding paragraphs incorporated herein by reference, Mt. Hawley has breached the terms and conditions of the Policy by failing and refusing to defend and indemnify the PREI Entities in the Personal Injury Litigation in violation of its obligations under the Policy.

48. As a direct result of Mt. Hawley's breach, the PREI Entities have suffered contractual and consequential damages well in excess of $75,000, and are entitled to remuneration in an amount well in excess of $75,000.

WHEREFORE, the PREI Entities respectfully request that judgment be entered in their favor and against Defendant, that the PREI Entities be awarded damages against Defendant in an amount in excess of $75,000, that the PREI Entities be awarded interest on such amount, that the

PREI Entities be awarded their costs and attorneys' fees in connection with this action, and that The PREI Entities be awarded any further relief that the Court deems appropriate.

## COUNT III – BAD FAITH PURSUANT TO 42 PA. STAT. ANN. § 8371

49. The PREI Entities incorporate by reference Paragraphs 1 through 48, above, and reassert them with the same force and effect, as though fully set forth herein.

50. After agreeing to defend the PREI Entities in the Personal Injury Litigation, and then maintaining that defense for almost five (5) months, Mt. Hawley improperly and in bad faith directed defense counsel to withdraw its defense of the PREI Entities in the Personal Injury Litigation.

51. As of September 30, 2005, Mt. Hawley abandoned the PREI Entities' defense forcing PREI to pay any and all legal expenses associated with the PREI Entities' defense in the Personal Injury Litigation going forward.

52. PREI, by and through its counsel, and the PREI Entities made many unsuccessful attempts to communicate with Mt. Hawley regarding its position on its defense and coverage denial in the Personal Injury Litigation, including the PREI Position Letter of September 26, 2005. See Ex. F.

53. The PREI Position Letter set forth in great detail why Mt. Hawley's refusal to defend and indemnify it in the Personal Injury Litigation was unreasonable and clearly incorrect pursuant to the terms of the Policy, and requested that Mt. Hawley reconsider and to respond by September 30, 2005. Id.

54. As had been the case in the months leading up to the PREI Position Letter, Mt. Hawley failed to promptly, or in fact ever, acknowledge or respond to the communication.

55. It was the reasonable expectation of the PREI Entities that given the wording of the Policy the Seaport Drive location was covered under the Policy.

56. The PREI Entities have set forth in great detail to Mt. Hawley the reasons why the PREI Entities are entitled to indemnity and defense in the Personal Injury Litigation pursuant to the Policy, including a sworn affidavit demonstrating to Mt. Hawley that its Loss Location Denial is incorrect since the covered property has more than one address. See Ex. "B," also attached to Ex. "F."

57. Accordingly, Mt. Hawley has knowledge that its factual basis for denying the benefits to the PREI Entities, to which they are rightfully entitled, including its abandonment of the PREI Entities' defense in the middle of the Personal Injury Litigation is factually unsupportable and accordingly the denial is unreasonable and in bad faith.

58. As a direct result of Mt. Hawley's knowing unreasonable denial of benefits to the PREI Entities, the PREI Entities have suffered damages including direct and consequential damages.

WHEREFORE, the PREI Entities respectfully request that judgment be entered in their favor and against Defendant, that the PREI Entities be awarded reimbursement of its actual and consequential damages, attorneys' fees and costs incurred to obtain the benefits under the Policy, as well as the costs of suit herein, and that the PREI Entities be awarded any further relief that the Court deems appropriate pursuant to 42 PA. STAT. ANN. § 8371.

DUANE MORRIS LLP

By: _____
    Patrick J. Loftus, Esquire
    Attorney I.D. No. 60417
    Amanda Leadbetter, Esquire
    Attorney I.D. No. 91728
    30 South 17th Street
    Philadelphia, PA 19103
    215.979./1367/1192
    Attorneys for Preferred Real Estate
    Investments, Inc., Rivertown Developers, LP
    and Preferred Asset Management, LLC

Dated: March 29, 2006