UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PREFERRED REAL ESTATE INVESTMENTS, INC., RIVERTOWN DEVELOPERS, LP, and PREFERRED ASSET MANAGEMENT, LLC | CIVIL ACTION<br><br>No. 06-1353<br><br>THE HONORABLE JOHN P. FULLAM<br><br>Electronically Filed |
| Plaintiffs, | |
| v. | |
| MT. HAWLEY INSURANCE COMPANY | |
| Defendant | **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM** |

Filed on behalf of Defendant

Counsel of record for this party:

**JEFFREY A. RAMALEY, ESQUIRE**
PA I.D. #41559

**ZIMMER KUNZ, P.L.L.C.**
3300 USX Tower
Pittsburgh, PA 15219
(412) 281-8000
Email: ramaley@zklaw.com

**JURY TRIAL DEMANDED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PREFERRED REAL ESTATE INVESTMENTS, INC., RIVERTOWN DEVELOPERS, LP, and PREFERRED ASSET MANAGEMENT, LLC<br><br>Plaintiffs,<br><br>v.<br><br>MT. HAWLEY INSURANCE COMPANY<br><br>Defendant | CIVIL ACTION<br><br>No. 06-1353<br><br>THE HONORABLE JOHN P. FULLAM<br><br>Electronically Filed |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

AND NOW, comes the Defendant, Mt. Hawley Insurance Company, by and through its attorneys, Zimmer Kunz, P.L.L.C. and files the following Answer, Affirmative Defenses and Counterclaim to Plaintiffs' Complaint, and, in support thereof avers as follows:

## ANSWER

1. The averments contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 15, 16, 22, 23, 27, 35, 38 and 45 of Plaintiffs' Complain are admitted.

2. In response to paragraphs 9, 10, 11, 12, 21, 24, 25, 26, 29, 31, 32 and 36 of Plaintiffs' Complaint, it is admitted that Plaintiffs have quoted certain portions of the insurance policy and correspondence exchanged between the parties. However, it is denied that the aforementioned paragraphs fully and completely set forth the terms and conditions of the policy of insurance issued by the Defendant or the correspondence in question. In support of said denial, Defendant incorporates herein by reference as if set forth at length all terms and conditions set forth in the policy of insurance issued by the Defendant and in the correspondence referred to by the Plaintiffs.

3. The averments contained in paragraph 30 of Plaintiffs' Complaint are admitted in part and denied in part. It is admitted that a letter and Affidavit was sent to the Defendant. However, it is denied that the exhibits attached to the Affidavit were provided to Defendant.

4. The averments contained in paragraphs 33 and 54 are admitted in part and denied in part. It is admitted that Defendant did not respond to Plaintiffs' Position letter of September 26, 2005; however, because Defendant had previously communicated its coverage position to Plaintiffs no further response was necessary. All other averments contained in these paragraphs are denied.

5. In response to the averments contained in paragraph 40, it is admitted that Plaintiffs have made repeated demands for coverage. However, Defendant submits that it is not obligated under the terms and conditions of the policy and information provided to it to provide insurance coverage and/or a defense.

6. The allegations contained in paragraphs 13, 14, 34, 39, 41, 42, 43, 46 ,47, 48, 50, 51, 52, 53, 55, 56, 57 and 58 of Plaintiffs' Complaint are denied.

7. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 17, 18, 19, 20 and 28 of Plaintiffs' Complaint and, as such, strict proof thereof is demanded.

8. In response to paragraphs 37, 44 and 49 of Plaintiffs' Complaint, which incorporate the preceding paragraphs of said Complaint, Defendant, in response thereto, incorporates herein by reference as if set forth at length the averments contained in the aforementioned Answer.

## AFFIRMATIVE DEFENSE

9. Plaintiffs' Complaint fails to state a claim on which relief may be granted.

10. It has yet to be determined whether the incident in question occurred at one of the "schedule of locations" listed on the policy of insurance.

11. The policy of insurance provides, inter alia, as follows:

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Premises:**
> **See Schedule of Locations**

**Project:**
> **None covered**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury," "property damage," "personal and advertising injury" and medical expenses arising out of:

**1.** The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

**2.** The project shown in the Schedule.

12. The incident in question occurred during and as a result of a project and, therefore, there is no coverage for the incident under the policy of insurance in question.

13. The incident in question did not arise out of "the ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises…." and, therefore, there is no coverage for the incident under the policy of insurance in question.

## COUNTERCLAIM

14. Based on the reasons set forth in the aforementioned Answer and Affirmative Defenses, Defendant requests that this Court enter a Declaration that it has no duty to defend or indemnify the Plaintiffs for the matters set forth in the underlying Complaint.

Respectfully submitted,

Zimmer Kunz, P.L.L.C.

By: s/ Jeffrey A. Ramaley_____
Jeffrey A. Ramaley, Esquire
Attorney I.D. No. 41559
3300 U.S. Steel Tower
Pittsburgh, PA 15219
(412) 281-8000
 Email: ramaley@zklaw.com